UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. POYDRAS (#115750)

VERSUS                                            CIVIL ACTION

STATE OF LOUISIANA                                NUMBER 10-117-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 5, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. POYDRAS (#115750)

VERSUS                                                   CIVIL ACTION

STATE OF LOUISIANA                              NUMBER 10-117-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action presumably pursuant to 42 U.S.C. § 1983 against the State of Louisiana. Plaintiff sought a writ of mandamus ordering Louisiana Department of Public Safety and Corrections Secretary James LeBlanc to render a decision on an administrative grievance and to have the plaintiff examined at an outside medical facility.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional.  *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.  *Id.*; *Ancar v. SARA Plasma, Inc.*, 964  F.2d 465, 468 (5th Cir. 1992).  Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state.  *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).  Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law.  *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*.  Thus, absent consent by the state or congressional action, a state is immune from a suit for damages.  Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action insofar as the plaintiff's complaint can be read to seek monetary damages.

Second, the United States District Court lacks jurisdiction to review actions in the nature of mandamus to compel state officers or employees to perform duties owed the plaintiff under state law. 28 U.S.C. § 1361.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and without prejudice to any state law claim.

Baton Rouge, Louisiana, March 5, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE