UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID W. POYDRAS (#115750)

VERSUS                                              CIVIL ACTION

STATE OF LOUISIANA                                  NUMBER 10-117-JJB-SCR

<u>RULING</u>

This matter is before the court on the plaintiff's second Supplemental Motion for New Trial pursuant to Rule 59 and Request for Leave to Amend and Supplement Pleadings. Record document number 31.

Rule 59(a)(1)(B), Fed.R.Civ.P. provides that "[t]he court may, on motion, grant a new trial on all or some of the issues ... after a nonjury trial, for any reason for which a new trial has heretofore been granted in a suit in equity in federal court." The authority to grant a new trial normally lies within the discretion of the trial court. *Allied Chem. Corp. V. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188 (1980). However, "[i]f notice of appeal is given, the subsequent filing of a motion for a new trial, even if otherwise timely, is ineffective because jurisdiction of the case is no longer in the district court." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2821, p. 222 (2d ed. 1995); *Sykes v. United States*, 392 F.2d 738 (8th Cir. 1968).

The district court no longer has jurisdiction to decide the

plaintiff's motion because of the prior notice of appeal.

Accordingly,

Plaintiff's Supplemental Motion for New Trial pursuant to Rule 59, Fed.R.Civ.P. and Request for Leave to Amend and Supplement Pleadings is denied for lack of subject matter jurisdiction.

Baton Rouge, Louisiana, April 19th, 2010.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE

2